UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

AMEL DALLUGE,

          Petitioner,

   v.

LORI LAWSON,

          Respondent.

CASE NO. 2:21-cv-00590-JCC-JRC

OMNIBUS ORDER

Petitioner brought this action under 28 U.S.C. § 2254. Before this Court are petitioner's: (1) motion for protective order; (2) motion for relief from deadlines; (3) motion for partial preliminary injunction; (4) motion for partial summary judgment; (5) motion to reopen prior § 1983 case; (6) motion for summary judgment; and (7) motion for reconsideration. Dkts. 12, 14–15, 21–22, 25, 30. As discussed below, this Court: (1) denies without prejudice the first, second, and fifth motions; (2) denies as moot the motion for relief from deadlines; (3) strikes the motions for summary judgment; and (4) denies the motion for reconsideration.

Petitioner has filed several motions. Petitioner mostly seeks to challenge the conditions of his confinement and the legality of his conviction and detention. However, a habeas corpus petition is not the proper vehicle for challenging prison conditions.  Rather, a habeas corpus petition is for the purpose of challenging the legal basis for the petitioner's confinement. Thus, the Court dismisses without prejudice the motions challenging petitioner's prison conditions and allows him to raise these challenges, if he wishes, in a new, separate action. Petitioner's challenges to the legality of his conviction and detention lack factual support and amount to unauthorized attempts to amend his habeas petition or file supplemental pleadings. So the Court dismisses without prejudice these motions. The Court denies as moot petitioner's motion for relief from deadlines because he already replied to respondent's response. And the Court denies petitioner's motion for reconsideration because he improperly filed his motions for summary judgment and, therefore, any reply brief in support of these motions would be futile.

Petitioner's motion for protective order contains several conclusory allegations regarding his conditions of confinement. For instance, he alleges that "respondent is using a hybrid black cell to affect [his] vision to interfere[e] with [his] ability to read." Dkt. 12 at 1. Furthermore, he alleges that he "is a sex offender being forced around all non-sex offenders to be bullied, ridiculed and beat." *Id.* at 4. This motion also contains conclusory allegations that appear to challenge the legality of petitioner's conviction. *Id.* at 7 (alleging that he has been "subjected to . . . incarceration" pursuant to a "vague and overbroad law"); *id.* at 12 (alleging that he was retried "despite double jeopardy"). Similarly, petitioner's supplement to this motion contains several conclusory allegations regarding his prison conditions and, in addition, appears to challenge the loss of good time credits. Dkt. 16 at 1–2.

This Court denies this motion without prejudice. Petitioner must raise his challenges to his conditions of confinement, if at all, in a new, separate action under 42 U.S.C. § 1983. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam). Furthermore, although petitioner could potentially raise his apparent challenges to the legality of his conviction and detention in a § 2254 action, he did not seek leave to file an amended § 2254 petition. The Court declines to treat this motion as a motion to amend because, assuming petitioner wished to amend his petition, he did not "attach a copy of the proposed amended pleading as an exhibit to the motion." *See* Local Rule 15. Also, because petitioner's challenges to the legality of his conviction and detention are conclusory, he has yet to show good cause to file an amended petition. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

In his motion for relief from deadlines, petitioner appears to seek additional time to reply to respondent's response to his petition. *See* Dkt. 14 at 1. However, this request is moot because he has already replied. Dkt. 28. The Court declines to consider any new arguments or requests in his reply to respondent's response to this motion. Dkt. 20. This is because it "is improper for a moving party to introduce new facts or different legal arguments in the reply brief than those presented in the moving papers." *U.S. ex rel. Giles v. Sardie*, 191 F. Supp. 2d 1117, 1127 (C.D. Cal. 2000) (citation omitted). In short, this Court denies as moot this motion.

In petitioner's motion for a partial preliminary injunction, he seeks "emancipation" based on the conclusory allegation that there are two "Amel Dalluge[s] in the Washington State registry." Dkt. 15 at 1. This motion's remaining allegations are largely incoherent. *See id.* at 1–9.

This Court denies this motion without prejudice. Because this allegation appears to challenge the legality of petitioner's custody, petitioner could potentially raise it in a § 2254 action. However, petitioner has not sought leave to amend his petition and has yet to show good

cause to do so. Furthermore, because this motion's remaining allegations are incoherent, they are insufficient for any relief. *See* Fed. R. Civ. P. 7(b)(1)(B) (stating that motions must "state with particularity the grounds for seeking the order").

Petitioner's motion for partial summary judgment is essentially a response to respondent's response to his petition. *See* Dkt. 21. However, the Court's show cause order directed petitioner to file only a reply to the response. Dkt. 9 at 3. Likewise, Rule 5 of the Rules Governing § 2254 Cases does not contemplate such a filing. So this Court strikes this document. *See Little v. Haynes*, No. C20-1071-TSZ-MLP, 2021 WL 1376633, at *2 (W.D. Wash. Apr. 12, 2021) ("[M]otions for summary judgment are inappropriate in federal habeas proceedings." (citation and internal quotation marks omitted)).

Petitioner's motion to reopen prior § 1983 action (Dkt. 22) is procedurally improper. If petitioner wishes to reopen a prior § 1983 action, the proper procedure, if any, would be to file a motion to reopen in that action. And, to reiterate, petitioner may not challenge his conditions of confinement in this § 2254 action. The court again declines to consider any new arguments that petitioner raised for the first time in his reply brief in support of this motion. *See* Dkt. 31; *see also Sardie*, 191 F. Supp. 2d at 1127. Thus, the court denies this motion without prejudice.

Petitioner filed a motion for summary judgment regarding issues in this case. Dkt. 25. Again, however, neither this Court's show cause order nor Rule 5 authorizes such a filing. Therefore, the Court strikes this document as procedurally improper.

Petitioner filed a motion for reconsideration (Dkt. 30) of the Court's order denying as moot his motion for extension of time (Dkt. 27) to reply to respondent's response to his petition (Dkt. 29). Petitioner contends that, in his motion for extension of time, he also meant to ask for an extension of time to file reply briefs in support of his motions for summary judgment. *See*

Dkt. 30 at 1. As discussed, however, petitioner improperly filed his motions for summary judgment. So any reply supporting these motions would be futile.

As explained in this order, petitioner has filed a series of procedurally improper, factually unsupported motions. Furthermore, petitioner has used inappropriate language in some of these motions and related filings. Dkt. 12 at 2 (calling people "idiots"); Dkt. 22 at 2 (referring to "weasel attorneys"); Dkt. 22 at 4 (stating "law is not a shield to be a piece of shit and deny satisfaction"); Dkt. 27 at 1 (calling people "vigilantes" and "KKK-scum"); Dkt. 31 at 2 (calling respondent "dirtbags"). The Court notifies petitioner that a party who "presents to the court unnecessary motions . . . or who otherwise so multiplies or obstructs the proceedings in a case . . . may be subject to such . . . sanctions as the court may deem appropriate." Local Rule 11(c). Such sanctions may include, but are not limited to, an order requiring petitioner to obtain permission before filing new papers in this case. *See Stewart v. McCaleb*, No. C18-5407 BHS, 2018 WL 3869438, at *2 (W.D. Wash. Aug. 15, 2018). Accordingly, the Court **ORDERS** as follows:

1. Petitioner's motion for protective order (Dkt. 12), motion for partial preliminary injunction (Dkt. 15), and motion to reopen prior § 1983 action (Dkt. 22) are **DENIED WITHOUT PREJUDICE**.

2. Petitioner's motion for relief from deadlines (Dkt. 14) is **DENIED AS MOOT**.

3. Petitioner's motion for partial summary judgment (Dkt. 21) and motion for summary judgment (Dkt. 25) are **STRICKEN**.

4. Petitioner's motion for reconsideration (Dkt. 30) is **DENIED**.

1 | Dated this 13th day of September, 2021.

J. Richard Creatura
Chief United States Magistrate Judge