UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

AMEL DALLUGE,

           Petitioner,

   v.

JERI BOE,

           Respondent.

CASE NO. 2:21-cv-00590-JCC-JRC

REPORT AND RECOMMENDATION

NOTED FOR:  October 8, 2021

The District Court has referred this petition for a writ of habeas corpus to United States Magistrate Judge J. Richard Creatura. This Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4. Petitioner filed the petition pursuant to 28 U.S.C. § 2254.

Although petitioner is currently incarcerated, he challenges convictions that expired before he filed the petition. Because these convictions did not restrain his liberty when he filed the petition, this Court lacks authority to adjudicate it. Furthermore, petitioner filed the petition

1   more than one year after his convictions became final. Therefore, even if this Court had authority
2   to adjudicate the petition, it would be untimely. So the petition should be dismissed.

3                                                    **BACKGROUND**

4        In 1998, "[a]t the age of 17, Amel Dalluge was tried and convicted as an adult of two
5   counts of rape in the third degree" and sentenced to 14 months' imprisonment. *See In re Pers.*
6   *Restraint Petition of Dalluge*, 152 Wash. 2d 772, 775 (2004) ["In re Dalluge"]; Dkt. 19-1 at 2, 9.
7   Division III of the Washington Court of Appeals ("Court of Appeals") affirmed the convictions
8   but reversed for resentencing. *Id.* at 74, 88. The superior court entered an amended judgment
9   sentencing petitioner to 25 months' imprisonment, followed by 36 months' community custody.
10  *See id.* at 26, 31–32. The Court of Appeals affirmed and petitioner did not seek review in the
11  Washington Supreme Court. *See id.* at 92, 96, 98; Dkt. 18 at 2.

12       In a personal restraint petition ("PRP") filed in 2004, petitioner contended that his
13  convictions should be reversed because he was improperly tried as an adult or that his case
14  should be remanded to the superior court for a hearing on whether the juvenile court should have
15  retained jurisdiction. *See In re Dalluge*, 152 Wash. 2d at 775. Petitioner also asserted that "both
16  his trial and appellate counsel were ineffective for failing to object to improper adult criminal
17  court jurisdiction at trial and on appeal." *Id.*

18       The Washington Supreme Court held that "the adult criminal court lacked jurisdiction,
19  and [that petitioner] suffered from ineffective assistance of appellate counsel because on direct
20  appeal his attorney failed to challenge the adult criminal court's lack of jurisdiction." *Id.*
21  Therefore, the Washington Supreme Court "grant[ed] the petition and remand[ed] to the superior
22  court for a hearing on whether the juvenile court would have retained jurisdiction in this case . . .
23  ." *Id.*

24

REPORT AND RECOMMENDATION - 2

1    On remand, in an order dated August 6, 2007, the superior court concluded that the
2    juvenile court would have declined jurisdiction and affirmed petitioner's conviction. Dkt. 19-1 at
3    135–36. On January 6, 2009, the Court of Appeals affirmed. *State v. Dalluge*, 148 Wash. App.
4    1004 (2009), *as amended on reconsideration* (Feb. 24, 2009). On June 2, 2010, the Washington
5    Supreme Court denied review. *See* Dkt. 19-1 at 356, 358. The Court of Appeals issued its
6    mandate on June 23, 2010. *Id.* at 358.
7    Meanwhile, on May 14, 2009, petitioner filed a PRP challenging his requirement to
8    register as a sex offender due to his convictions for third-degree rape. *See id.* at 360, 370, 372.
9    On December 14, 2009, the Court of Appeals dismissed the PRP. *Id.* at 433–35. The Washington
10   Supreme Court denied review, issuing its certificate of finality on August 18, 2010. *See id.* at
11   440.
12   Meanwhile, in May 2010, petitioner filed a post-conviction motion in the superior court
13   challenging his third-degree rape convictions. *See id.* at 442, 520. The superior court transferred
14   the post-conviction motion to the Court of Appeals for consideration as a PRP. *Id.* at 520. The
15   Court of Appeals dismissed the PRP. *Id.* at 552. Petitioner did not seek review in the Washington
16   Supreme Court and the Court of Appeals' dismissal became final no later than October 14, 2010.
17   *See id.* at 557. Relevant here, petitioner did not file his next PRP or other post-conviction motion
18   until November 1, 2012—over two years later. *See id.* at 559, 564; *see also* Dkt. 18 at 4–6.
19   Petitioner filed his § 2254 petition on April 26, 2021. *See* Dkt. 7 at 1, 11. Petitioner was
20   at that time and continues to be incarcerated at Clallam Bay Corrections Center. *See id.* at 1, 12.
21   Petitioner's sole ground for relief is that he "should never [had] been tried as an adult [allegedly]
22   subjecting [him] to the death penalty as a kid." *Id.* at 5. For relief, petitioner asks this Court to
23   "vacate his juvenile convictions that were tried as adult [sic] or make them juvenile not adult
24

REPORT AND RECOMMENDATION - 3

record [sic]." *Id.* at 11. In the section of his petition for addressing its timeliness, petitioner alleges, without any factual support, that he is "attempting to assert actual innocence." *Id.* at 9. In the same section, he is "unsure" but suggests that his petition is timely under 28 U.S.C. § 2244(d)(1)(B)–(D). *Id.* at 10. Again, he alleges no facts to support this suggestion. *Id.*

Respondent filed a response. Dkt. 18. Respondent contends that this Court lacks jurisdiction over the petition because petitioner "appears to have fully served the sentence imposed by the 2000 amended judgment and sentence." *Id.* at 1, 14–17. Respondent also argues that the petition is untimely. *Id.* at 9–14.

Petitioner filed a reply. Dkt. 28. Petitioner does not challenge respondent's contention that his sentences for third-degree rape had expired before he filed his petition. *See id.* Yet petitioner contends that this Court has jurisdiction over the petition because he is "still being forced to register as a sex offender or face additional incarceration from the conviction." *Id.* at 7–8.[1] Regarding the statute of limitations, petitioner contends that his petition is timely under § 2244(d)(1)(B) because, "in 2019, the legislature amended the state law [by] removing adult criminal court jurisdiction over certain juveniles," and that he diligently attempted to "affirm [his] right" after that time. *Id.* at 6.

## DISCUSSION

### I. Subject Matter Jurisdiction

"The first showing a § 2254 petitioner must make is that he is 'in custody pursuant to the judgment of a State court.'" *Lackawanna Cty. Dist. Att'y v. Coss*, 532 U.S. 394, 401 (2001) (quoting 28 U.S.C. § 2254(a)). To be "in custody" under § 2254(a), the petitioner must be

---

[1] The state court filings that petitioner cites to support this assertion are conclusory and do not meaningfully support it. *See* Dkt. 28 at 8 (citing Dkt. 19-1 at 684–88, 696, 701, 709–12).

subject to a restraint on his liberty not shared by the public generally when he files the petition. *See Williamson v. Gregoire*, 151 F.3d 1180, 1181–83 (9th Cir. 1998); *accord Dow v. Cir. Ct. of First Cir. Through Huddy*, 995 F.2d 922, 923 (9th Cir. 1993) (citation omitted). If the petitioner is not "in custody" under the judgment or sentence that he challenges when he files the petition, the court lacks subject matter jurisdiction over the petition. *See Brock v. Weston*, 31 F.3d 887, 889 (9th Cir. 1994); *see also Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) (per curiam) ("We have interpreted [§ 2254(a)] as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." (citation omitted)).

It follows that a "petitioner who files a habeas petition after he has fully served his sentence and who is not subject to court supervision is not 'in custody' for the purposes of this court's subject matter jurisdiction." *De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990). Furthermore, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Cook*, 490 U.S. at 492. "[S]ex offender registration is more properly characterized as a collateral consequence of conviction rather than as a restraint on liberty." *Doe v. Harris*, 772 F.3d 563, 572 (9th Cir. 2014) (citation and internal quotation marks omitted). Additionally, "a habeas petitioner does not remain 'in custody' under a conviction 'after the sentence imposed for it has fully expired, merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted.'" *Alaska v. Wright*, 141 S. Ct. 1467, 1468 (2021) (per curiam) (quoting *Cook*, 490 U.S. at 492).

Here, this Court lacks subject matter jurisdiction over the petition. Respondent contends, and petitioner has not disputed, that his sentence for third-degree rape had expired when he filed

the petition. Because the record supports this assertion (*see* Dkt. 19-1 at 26, 31–32, 48–49, 53), and because petitioner has not disputed it, respondent has conclusively established this fact here. *See* 28 U.S.C. § 2248 ("The allegations . . . of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true."); *see also Phillips v. Pitchess*, 451 F.2d 913, 919 (9th Cir. 1971) ("Petitioner, in his traverse, has not disputed the contention [at issue], and thus this Court may accept the fact that he has not exhausted his remedies with respect to this issue." (citing 28 U.S.C. § 2248)).

Petitioner contends that this Court has jurisdiction over the petition because he is "still being forced to register as a sex offender or face additional incarceration from the conviction." Dkt. 28 at 7–8. As noted, however, sex-offender registration is merely a collateral consequence of his third-degree rape convictions. Because petitioner's "sentence imposed for [those] conviction[s] has completely expired, [this] collateral consequence[ ]of that conviction [is] not . . . sufficient to render [him] 'in custody' [under § 2254(a)]." *See Cook*, 490 U.S. at 492. Furthermore, contrary to petitioner's contention, the mere possibility that he may face additional incarceration from those convictions does not render him "in custody" for § 2254(a) purposes. *See id.* Consequently, this Court lacks subject matter jurisdiction over his petition.

**II.     Statute of Limitations**

Even if this Court had subject matter jurisdiction over the petition, it would be untimely. "The federal Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a 1-year statute of limitations for filing a federal habeas corpus petition." *Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005) (citing 28 U.S.C. § 2244(d)(1)). Pertinently, the year commences on "the date on which the judgment became final by . . . the expiration of the time for seeking [direct]

review." 28 U.S.C. § 2244(d)(1)(A). Under this clause, "the judgment becomes final . . . when the time for pursuing direct review in [the Supreme] Court, or in state court, expires." *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012).

"[T]he period of 'direct review' in 28 U.S.C. § 2244(d)(1)(A) includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition." *Bowen v. Roe*, 188 F.3d 1157, 1158–59 (9th Cir. 1999). "A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review." U.S. Sup. Ct. R. 13(1). If a lower court grants rehearing, "the time to file the petition for a writ of certiorari . . . runs from . . . the subsequent entry of judgment." *See* U.S. Sup. Ct. R. 13(3).

AEDPA's one-year statute of limitations is subject to statutory tolling under some circumstances. "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under [§ 2244(d)]." 28 U.S.C. § 2244(d)(2); *Pace*, 544 U.S. at 410. An application remains pending until it "has achieved final resolution through the State's post-conviction procedures." *Carey v. Saffold*, 536 U.S. 214, 220 (2002). This rule includes "intervals between a lower court decision and a filing of a new petition in a higher court." *Id.* at 223.

Here, the Court of Appeals issued its amended decision affirming petitioner's third-degree rape convictions on February 24, 2009. On June 2, 2010, the Washington Supreme Court

denied review. Thus, these convictions became final 90 days later on August 31, 2010, when his time for filing a cert petition in the U.S. Supreme Court expired.

At that time, petitioner's PRP was pending in the Court of Appeals, thus tolling § 2244(d)(1)(A)'s one-year period. *See* Dkt. 19-1 at 360, 370, 372. The PRP remained pending until August 18, 2010, when the Washington Supreme Court denied review and issued its certificate of finality. *See id.* at 440.

Meanwhile, in May 2010, petitioner filed a post-conviction motion in the superior court challenging his third-degree rape convictions. *See id.* at 442, 520. The Court of Appeals accepted transfer of this motion as a PRP and dismissed it. *Id.* at 520, 552. Because petitioner did not seek review in the Washington Supreme Court, the Court of Appeals' dismissal became final no later than October 14, 2010. *See id.* at 557.

Therefore, § 2244(d)(1)(A)'s one-year period stopped tolling on October 14, 2010. Consequently, absent tolling, petitioner had until October 14, 2011 to file his petition. But petitioner did not file his next post-conviction motion until November 1, 2012. *See id.* at 559, 564; *see also* Dkt. 18 at 4–6. From that date forward, petitioner engaged in further state post-conviction litigation. *See* Dkt. 19-1 at 559, 564; *see also* Dkt. 18 at 4–6. However, § 2244(d)(1)(A)'s one-year period had expired on October 14, 2011. The post-conviction litigation that petitioner started after the expiration of the one-year period "does not permit the reinitiation of the limitations period." *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). Accordingly, the petition is untimely.

In the petition, petitioner suggests that § 2244(d)(1)(A) does not apply and that one or more provisions of § 2244(d)(1)(B)–(D) may apply. *See* Dkt. 7 at 9. Similarly, in his reply, he argues that the petition is timely under § 2244(d)(1)(B) because, "in 2019, the legislature

amended the state law [by] removing adult criminal court jurisdiction over certain juveniles," and that he diligently attempted to "affirm [his] right" after that time. Dkt. 28 at 6.

Section 2244(d)(1)(B)–(D) provides:

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

These provisions do not apply here. "Section 2244(d)(1)(B) tolls the statutory period until the removal of any state-created impediment to filing that violates the constitution or federal law." *Olivas v. Neven*, 329 F. App'x 70, 72 (9th Cir. 2009). "The limited case law applying § 2244(d)(1)(B) has dealt almost entirely with the conduct of state prison officials who interfere with inmates' ability to prepare and to file habeas petitions by denying access to legal materials." *Shannon v. Newland*, 410 F.3d 1083, 1087 (9th Cir. 2005) (citations omitted).

Here, petitioner alleges that Washington law provided no legal basis to raise his claim until 2019. But "[h]e was free to *file* [] a petition [raising that allegedly novel claim] at any time." *See id.* That Washington law allegedly left petitioner "with no meritorious federal claim [until 2019 is not] an 'impediment' under § 2244(d)(1)(B)." *Cf. id.*

Section 2244(d)(1)(C) is inapplicable on its face. Petitioner has not alleged that, in 2019, the Supreme Court newly recognized a right and made it retroactively applicable to cases on collateral review.

REPORT AND RECOMMENDATION - 9

Section 2244(d)(1)(D) does not apply either. It provides that the one-year limitations period runs from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." This provision "refers to a 'factual' predicate." *Newland*, 410 F.3d at 1088.

Here, liberally construing the reply, petitioner alleges that Washington law changed in 2019 in a way that allowed him to assert a federal claim for the first time. But a change in state law "establishing an abstract proposition of law arguably helpful to the petitioner's [federal] claim does not constitute the 'factual predicate' for that claim." *See id.* at 1088–89.

Finally, petitioner alleges, without any factual support, that he is actually innocent. Dkt. 7 at 9. However, "conclusory . . . allegations do not establish a prima facie actual-innocence claim under the exacting . . . standard" under *Schlup v. Delo*, 513 U.S. 298 (1995). *Reesman v. Haynes*, No. 3:16-CV-5925-BHS-TLF, 2019 WL 3043965, at *3 (W.D. Wash. May 28, 2019), *report and recommendation adopted*, 2019 WL 3028238 (W.D. Wash. July 10, 2019).

In sum, even if this Court has subject matter jurisdiction over the petition, it is time-barred.

## EVIDENTIARY HEARING

The decision to hold an evidentiary hearing is committed to this Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id.* at 474 (citations omitted). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an

evidentiary hearing." *Id.* "[A]n evidentiary hearing is not required on issues that can be resolved by reference to the state court record." *Id.* (citation and internal quotation marks omitted).

Here, petitioner's allegations, if proved, would not enable him to overcome the jurisdictional and time bars discussed above. Likewise, this Court could resolve the jurisdictional and timeliness issues by reference to the state court record. So an evidentiary hearing is improper.

## CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. A certificate of appealability may issue only if a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Because petitioner has not so shown, a COA should be denied.

## *IN FORMA PAUPERIS* ("IFP") STATUS ON APPEAL

Petitioner should not be granted IFP status for purposes of an appeal of this matter. IFP status on appeal shall not be granted if the district court certifies "before or after the notice of appeal is filed" "that the appeal is not taken in good faith[.]" *See* Fed. R. App. P. 24(a)(3)(A). "The good faith requirement is satisfied if the petitioner seeks review of any issue that is not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (citation and internal quotation

marks omitted). Generally, an issue is not frivolous if it has an "arguable basis either in law or in facts." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Because any appeal from this matter would be frivolous, IFP status should not be granted for purposes of appeal.

## CONCLUSION

As discussed above, it is recommended that the petition (Dkt. 7) be DISMISSED for lack of subject matter jurisdiction or, in the alternative, DISMISSED as untimely. It is further recommended that this case be CLOSED and that a certificate of appealability be DENIED.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **October 8, 2021** as noted in the caption.

Dated this 23rd day of September, 2021.

J. Richard Creatura
Chief United States Magistrate Judge