THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMEL DALLUGE,<br><br>Petitioner,<br><br>v.<br><br>JERI BOE,<br><br>Respondent. | CASE NO. C21-0590-JCC<br><br>ORDER ADOPTING REPORT<br>AND RECOMMENDATION |

This matter comes before the Court on Petitioner Amel Dalluge's § 2254 habeas corpus petition. (Dkt. No. 7.) The Honorable J. Richard Creatura, United States Magistrate Judge, issued a Report and Recommendation ("R&R") (Dkt. No. 36) advising the Court to deny Petitioner's petition. Petitioner objects to the R&R. (Dkt. No. 39.) For the reasons described below, the Court hereby OVERRULES Petitioner's objection, ADOPTS the R&R, and DENIES without prejudice the petition for writ of habeas corpus.

A district court must conduct a *de novo* review of those portions of a magistrate judge's R&R to which a party properly objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A party properly objects when the party files "specific written objections" to the magistrate judge's R&R as required under Federal Rule of Civil Procedure 72(b)(2). In contrast, general objections or summaries of arguments previously presented have the same effect as no objection at all, since they do not focus the Court's attention on any specific issues for review. *Howard v. Sec'y of*

1  *Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). This Court's consideration of such

2  "objections" would entail *de novo* review of the entire report, rendering the referral to the

3  magistrate judge useless and causing a duplication of time and effort that wastes judicial

4  resources and contradicts the purposes of the Magistrates Act. *Id.* Accordingly, *de novo* review is

5  not required when a party fails to direct the court to a specific error in the report and

6  recommendation. *Strawbridge v. Sugar Mountain Resort, Inc.*, 243 F.Supp.2d 472, 475

7  (W.D.N.C. 2003).

8        Petitioner was tried and convicted as an adult of two counts of third-degree rape in 1998.

9  (Dkt. No. 36 at 2.) Following an appeal, the superior court entered an amended judgment

10  sentencing Petitioner to 25 months of imprisonment followed by 36 months of community

11  custody. (*Id.*) Petitioner appears to have fully served that sentence and is currently incarcerated

12  due to a separate 2018 conviction. (Dkt. No. 18 at 1–2 (citing Dkt. No. 19-1 at 50–72).)

13        Judge Creatura correctly recommends the Court dismiss Petitioner's petition for lack of

14  subject matter jurisdiction because Petitioner is not currently "in custody" under § 2254(a),

15  because he is in custody for the separate 2018 conviction rather than the 1998 conviction his

16  petition challenges. (Dkt. No. 36 at 4–6.) Petitioner objects only that his current incarceration is

17  "a result of the continuous collateral consequence of the challenged conviction thus giving this

18  court subject matter jurisdiction." (Dkt. No. 39 at 1–2.) Petitioner presented this same argument

19  in his habeas briefing, (*see* Dkt. No. 28 at 7–8), and Judge Creatura addressed the argument in

20  his R&R. (Dkt. No. 36 at 4–6 (reasoning the collateral consequence of Petitioner's challenged

21  prior conviction is not sufficient to render him 'in custody' as required under § 2254(a) (citing

22  *Maleng v. Cook*, 490 U.S. 488, 492 (1989) (per curiam)).) Petitioner's purported objection fails

23  to direct the Court to a specific error in Judge Creatura's reasoning or authority, but rather

24  summarizes arguments previously presented. *See Strawbridge*, 243 F.Supp.2d at 475.

25  Accordingly, *de novo* review is not warranted and Petitioner's first objection is OVERRULED.

26

ORDER
C21-0590
PAGE - 2

1      Irrespective of this jurisdictional issue, Judge Creatura recommends dismissal because

2  Petitioner's petition was filed beyond the one-year statute of limitations. (Dkt. No. 36 at 6–10.)

3  Petitioner objects that the Court can avoid the timeliness issue if it "simply grant[s]" Petitioner's

4  request to challenge his prior conviction. However, the Court lacks authority to disregard

5  statutory requirements. *See I.N.S. v. Pangilinan*, 486 U.S. 875, 883 (1988). Petitioner's

6  timeliness objection is OVERRULED.

7      Petitioner's remaining objections are substantive challenges to his 1998 conviction. (*See*

8  Dkt. No. 39 at 3–6 (arguing (1) he was wrongfully tried as an adult, (2) that the law he was

9  convicted under was vague and overbroad, and (3) the length of his sentence was excessive).) As

10  discussed above, the Court lacks jurisdiction to consider these claims. Further, these purported

11  objections fail to raise any issues specific to Judge Creatura's R&R, rendering them no objection

12  at all. *See Strawbridge*, 243 F.Supp.2d at 475. Accordingly, Petitioner's remaining objections are

13  OVERRULED.

14      A petitioner may appeal dismissal of his federal habeas petition only after obtaining a

15  certificate of appealability ("COA") from a district or circuit judge, which may issue only upon a

16  "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). A petitioner

17  satisfies this standard "by demonstrating that jurists of reason could disagree with the district

18  court's resolution of his constitutional claims or that jurists could conclude issues presented are

19  adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327

20  (2003). This Court agrees with Judge Creatura's recommendation to deny the issuance of a COA.

21  Petitioner has not demonstrated that reasonable jurists could conclude the issues presented

22  deserve encouragement to proceed further.

23      For the foregoing reasons, Petitioner's objection (Dkt. No. 39) is OVERRULED. The

24  Court thus ADOPTS the R&R (Dkt. No. 36), and DISMISSES without prejudice Petitioner's

25  petition for writ of habeas corpus (Dkt. No. 7.) A COA is DENIED.

26  *//*

1    DATED this 4th day of November 2021.

2

3

4

5

6

7

8                                          John C. Coughenour
                                           UNITED STATES DISTRICT JUDGE
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26